UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

TEAMSTERS LOCAL 830 PENSION PLAN and
TRUSTEES OF THE TEAMSTERS LOCAL 830
PENSION PLAN,

        Plaintiffs,

v.

NATIONAL CASEIN OF NEW JERSEY, INC.
and JOHN DOES 1-10 (all
other trades or businesses under common
control with NATIONAL CASEIN OF
NEW JERSEY, INC.),

        Defendants,

**COMPLAINT**

No.

Plaintiffs, by their attorneys, for their Complaint complaining of Defendants, National Casein of New Jersey, Inc. and John Does 1-10 (all other trades or businesses under common control with National Casein of New Jersey, Inc.), respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is an action by an employee benefit fund and its Trustees to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Teamsters Local 830 Pension Plan is administered within the Eastern District of Pennsylvania, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. Plaintiff, Teamsters Local 830 Pension Plan, is established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers. As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. Plaintiffs Trustees of the Plan are members of a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5) ("Trustees of the Fund"). The Board of Trustees administers the Plan and is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Plan maintains its offices and the Plan is administered at 12298 Townsend Road, 2nd Floor, Philadelphia, PA 19154, which is within the Eastern District of Pennsylvania.

6. Plaintiffs Trustees of the Plan exercise discretionary authority, control, and responsibility with respect to management and administration of the Plan and the disposition of Plan assets. As such, Plaintiffs Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Upon information and belief, Defendant National Casein of New Jersey, Inc. ("Defendant Employer") is a New Jersey company having or having had its principal place of business at 401 Martha's Lane, Riverton, New Jersey 08077.

8. Upon information and belief, at all relevant times herein, Defendant Employer was a party, directly or indirectly, to a collective bargaining agreement with Teamsters Local 830 (the "Union"). Upon information and belief, pursuant to said collective bargaining agreement, Defendant Employer was obligated to make contributions and made certain of such contributions to the Plan on behalf of certain of its employees through approximately September 27, 2018. As such, Defendant Employer is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9. Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Defendant Employer) are "trades or businesses under common control" with Defendant Employer pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414(c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM
## AGAINST DEFENDANT EMPLOYER

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 9 of this Complaint with the same force and effect as if set forth at length herein.

11. Upon information and belief, on or about September 27, 2018, Defendant Employer permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Plan, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12. As a result of its complete withdrawal from the Plan, Defendant Employer became liable to the Plan for withdrawal liability in the principal amount of $773,342.00, pursuant to Section 4201 of ERISA, 29 U.S.C. § 1381.

13. After determining the amount of the withdrawal liability owing to the Plan by Defendant Employer, on or about November 26, 2018, the Plan notified Defendant Employer of the amount of the withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1). A true copy of the November 26, 2018 Notice and Demand letter is attached hereto as Exhibit A.

14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), and as provided in the Notice and Demand, Defendant Employer was required to make two hundred forty (240) monthly withdrawal liability payments in the amount of $2,170.00 each. The first such monthly payment was due on or before January 25, 2019.

15. By letter dated April 30, 2019, the Plan, by its attorneys, notified Defendant Employer that it had failed to make the first monthly withdrawal liability payment due on January 25, 2019 or any subsequent monthly payments and that, if such failure was not cured within sixty (60) days, Defendant Employer would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5) ("Notice of Overdue Payment"). A true copy of the April 30, 2019 Notice of Overdue Payment letter is attached hereto as Exhibit B.

16. More than sixty (60) days have elapsed since Defendant Employer received the Notice of Overdue Payment. To date, Defendant Employer has failed to make the first monthly withdrawal liability payment or make any subsequent monthly withdrawal liability payments.

17. By reason of its failure to make the withdrawal liability payment within sixty (60) days of receipt of the Plan's Notice of Overdue Payment, Defendant Employer is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of Defendant Employer's withdrawal liability due under the Notice and Demand, plus accrued interest on the total outstanding withdrawal liability from the due date of the first missed monthly liability payment,

from Defendant Employer and all trades or businesses under common control with Defendant Employer, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

18. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendant Employer and all trades or businesses under common control with Defendant Employer calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Plan's rules and regulations.

19. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Employer and all trades or businesses under common control with Defendant Employer calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Plan's rules and regulations.

### AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH DEFENDANT EMPLOYER)

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth at length herein.

21. Upon information and belief, at all times relevant herein, Defendant Employer and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of Section 4001(b)(l) of ERISA, 29 U.S.C. § 1301 (b)(l), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published thereunder.

22. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(l), as trades or businesses under common control, Defendant Employer and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of the withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in in paragraphs 11 through 19.

23. Plaintiffs are entitled to collect interest on the total amount of outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Plan's rules and regulations.

24. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § `1132(g) and the Plan's rules and regulations.

## AS AND FOR A THIRD CLAIM
## AGAINST ALL DEFENDANTS

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth at length herein.

26. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Plan thereby causing the Plan and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for which the Plan will have no adequate remedy of law.

27. The Plan will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined, and the status quo maintained during the pendency of this action.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order and Judgment:

    a. Directing Defendants be held jointly and severally liable to the Plan for withdrawal liability in the principal amount of $773,342.00; and

    b. Directing Defendants be held jointly and severally liable to the Plan for interest on the withdrawal liability set forth in paragraph (a) herein, to be computed pursuant to

Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Plan's rules and regulations; and

  c. Directing Defendants be held jointly and severally liable to the Plan for liquidated damages pursuant to Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ I 132(g)(2)(C) and 1451(b) and the Plan's rules and regulations; and

  d. Directing Defendants be held jointly and severally liable to the Plan for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b) and the Plan's rules and regulations; and

  e. Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with Defendants be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

  f. Granting such other legal and equitable relief as the Court deems appropriate.

CLEARY, JOSEM & TRIGIANI LLP

BY: _____
WILLIAM T. JOSEM, ESQUIRE
CASSIE R. EHRENBERG, ESQUIRE
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: July 9, 2019